# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 302 | **DATE** | July 11, 2008 |
| **CASE TITLE** | Michael Young (#2007-0004908) v. L. Williams, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to amend and join additional party defendants [8] is denied without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. The amended complaint must be on the forms required under Local Rule 81.1 of this Court. The Clerk is directed to send Plaintiff one copy of the civil rights complaint form and instructions for filing along with a copy of this order. Plaintiff's motion for appointment of counsel [9] is denied without prejudice.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

    Plaintiff Michael Young seeks leave to amend his complaint to add two defendants, Co-1 Villareal and Thomas Dart. Plaintiff has also attached a number of documents, including his affidavit, letters, and grievances. It is not clear from these attachments if he is amending his claims. The Court therefore will give Plaintiff an opportunity to submit an amended complaint on the proper forms and in the proper format.

    Plaintiff's motion to amend complaint and join additional party defendants is accordingly denied without prejudice. Plaintiff is given 30 days from the date of this order to submit his amended complaint. The amended complaint must be on the forms required under Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each newly-named defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of his complaint may either be exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

  The amended complaint replaces or supersedes the original complaint. In other words, after Plaintiff files an amended complaint, the Court no longer considers the original complaint. Thus, allegations or claims contained in the original complaint will not be considered if they are not included in the amended complaint. Similarly, if a defendant in the original complaint is not named as defendant on the cover of the amended complaint, the Court will treat that defendant as dropped from the suit. Therefore, if Plaintiff wants to amend, **he must make sure to list all his defendants in the caption on the first page of the complaint. He must also include in his amended complaint all allegations he wants the Court to consider.** Plaintiff must also serve a copy of the amended complaint on Assistant State's Attorney Michael L. Gallagher and provide the Clerk with an extra copy for each new defendant he names so that summons can issue to the U.S. Marshal for service on the newly joined parties.

  Plaintiff also moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.).

  After considering these factors, the Court concludes that appointment of counsel is not warranted. Plaintiff has alleged that he has made reasonable efforts to retain private counsel and attached several letters from attorneys declining to represent him. Plaintiff has alleged no physical disability that might preclude him from adequately investigating the facts giving rise to his complaint; however, he states that he is currently on psych medication and is receiving help in filing this action from another inmate. Nonetheless, Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case, even with the aid of another inmate. *See Pruitt v. Mote,* 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d 649, 656 (7th Cir. 2004). In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. After the Court receives Plaintiff's amended complaint and all defendants are served and have had an opportunity to answer or otherwise plead to the amended complaint, the Court may revisit Plaintiff's request for appointment of counsel. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.